## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES LANE CRAWFORD,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **No. 13-445** |
| **BP CORPORATION NORTH AMERICA,** | **SECTION "E"** |
| **and DANOS AND CUROLE MARINE** | |
| **CONTRACTORS, LLC, et al.** | |
| **Defendants** | |

### ORDER AND REASONS

Before the Court is a Motion to Strike, or in the Alternative, Motion to Dismiss Danos & Curole Marine Contractors, LLC's ("D&C") Cross-Claim filed by defendant, BP America Production Company ("BPAPC").[1] D&C opposes BPAPC's motion.[2] BPAPC sought and obtained leave to file a reply memorandum and a supplemental memorandum in support of its motion.[3]

### BACKGROUND

Plaintiff, Charles Crawford ("Crawford"), was working on the Marlin, a tension-leg platform located on the Outer Continental Shelf, when a D&C employee allegedly dropped a vacuum compressor pump which struck Crawford in the back.[4] Crawford filed suit against D&C and BP Corporation of North America, Inc. ("BPCNA"), claiming BPCNA was

---

[1] R. Doc. 24.

[2] R. Doc. 26.

[3] R.Doc. 29; R. Doc. 33.

[4] R. Doc. 1. Crawford alleges this Court has jurisdiction under the Jones Act, General Maritime Law, and the Outer Continental Shelf Lands Act.

Crawford's Jones Act employer and owner of the Marlin.[5] BPCNA had no involvement with Crawford's employment nor the Marlin.[6]

On September 3, 2013, D&C filed a Motion for Leave to File a Third Party Complaint against a different BP entity, BPAPC.[7] D&C sought to lodge claims against BPAPC for defense and indemnity with respect to Crawford's claims against D&C pursuant to a Master Service Contract ("MSC") between BPAPC and D&C.[8]

On September 17, 2013, Crawford filed an Unopposed Motion for Leave to Amend the Original Complaint, seeking to substitute BPCNA with BPAPC as the proper defendant and to add BP Exploration & Production, Inc. as an additional defendant.[9] The Court granted Crawford's motion and he subsequently filed his Amended Complaint on September 21, 2013.[10]

On September 24, 2013, D&C answered Crawford's Amended Complaint and asserted a cross-claim against BPAPC for defense and indemnity.[11] Magistrate Judge Roby thereafter denied D&C's Motion for Leave to File a Third Party Complaint against BPAPC as moot.[12]

---

[5]R. Doc. 1.

[6]*See* R. Doc. 5, BPCNA's Answer and Affirmative Defenses.

[7]R. Doc. 10.

[8]R. Doc. 10.

[9]R. Doc. 15. Crawford alleges BPAPC was his employer, and BP Exploration & Production, Inc. owned, operated and controlled the Marlin.

[10]R. Doc. 18.

[11]R. Doc. 20.

[12]R. Doc. 21.

BPAPC now moves to strike, or in the alternative, dismiss D&C's cross-claim.[13]  The Scheduling Order entered on August 23, 2013 provides a deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims on September 16, 2013. BPAPC asserts D&C's cross-claim should be stricken because it was filed after the September 16 deadline. Alternatively, BPAPC argues D&C's cross-claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3) for improper venue because the Master Service Contract between D&C and BPAPC contains a forum selection clause, providing for exclusive venue in the Southern District of Texas. BPAPC's reply memorandum and supplemental memorandum also urge this Court to transfer D&C's cross-claim under 28 U.S.C. § 1404 ("Section 1404").

## LAW AND ANALYSIS

### A. Timeliness of D&C's Cross-Claim

BPAPC moves to strike D&C's cross-claim because it was filed after the deadline for filing such pleadings and because D&C failed to request leave of court. The scheduling order provides a September 16 deadline for the parties to file cross-claims. D&C filed its cross-claim against BPAPC on September 24, 2013 in its answer to Crawford's Amended Complaint.[14]

Although technically untimely, the Court sees no compelling reason to strike D&C's cross-claim. D&C could not file a cross-claim against BPAPC until September 21, the date on which the Court granted leave for Crawford to file his Amended Complaint asserting claims against BPAPC. Further, D&C sought leave to file its third party complaint against

---

[13]R. Doc. 24.

[14]R. Doc. 20.

BPAPC on September 3, before the deadline.

 Allowing D&C to file its cross-claim will not delay these proceedings or prejudice BPAPC. BPAPC was well aware of D&C's claims for defense and indemnity before the September 16 deadline. Accordingly, to the extent BPAPC's motion seeks to strike D&C's cross-claim for untimeliness and for failure to request leave of court before the filing, the motion is **DENIED**.

## B. Venue

 BPAPC alternatively moves to dismiss D&C's cross-claim under Federal Rule of Civil Procedure 12(b)(3), seeking to enforce a forum selection clause in the MSC between D&C and BPAPC, in which the parties agreed to bring disputes in the Southern District of Texas.[15] BPAPC's reply memorandum and supplemental memorandum also ask the Court to transfer D&C's cross-claim under Section 1404.

### i. Language of the Forum Selection Clause

 Although the parties do not address the issue in their briefs, the Court notes that the forum selection clause states: "Notwithstanding the foregoing [provision mandating venue in the Southern District of Texas], if one or both of the Parties is involved in litigation in a forum other than Harris County, Texas, the Parties may assert claims Connected With this

---

[15]The forum selection clause reads as follows: "In the absence of mutual agreement in writing, for any action Connected with this Contract brought by either Party (or any member of either Party's Groups, or any Third Party pursuant to this Contract), venue shall be exclusively in federal district court situated in Harris County, Texas, or if there is no subject matter jurisdiction in federal court, then in the Texas State District Court situated in Harris County, Texas. The Parties (and any other Persons asserting any action pursuant to this Contract) submit to personal jurisdiction and waive any other venue that may be applicable to such action whether by reason of their present or future residence or domicile or otherwise. Notwithstanding the foregoing, if one or both of the Parties is involved in litigation in a forum other than Harris County, Texas, the Parties may assert claims Connected With this Contract in such litigation to the extent, and only to the extent, necessary to avoid waiver of such claims. Each Party, knowingly and voluntarily, waives its respective right to a jury trial." R. Doc. 20-2 (Master Service Contract), p. 22, art. 24.05.

Contract in such litigation to the extent, and only to the extent, necessary to avoid waiver of such claims."[16]

To the extent the claims for indemnity and defense against BPAPC would be waived if not brought in this action, the forum selection clause would allow the action to be brought in this Court. D&C's claim for defense and indemnity is a cross-claim, and thus is permissive under Rule 13(g). As a permissive pleading, D&C's failure to bring its claims for indemnity and defense against BPAPC in this action would not result in a waiver. *See e.g. United States v. Confederate Acres Sanitary Sewerage Sys., Inc.*, 935 F.2d 796, 799 (6th Cir. 1991); *United States v. DCS Dev. Corp.*, 590 F. Supp. 1117, 1122 (W.D.N.Y. 1984). Accordingly, this exception does not apply.

### ii. Rule 12(b)(3) Motions and Forum Selection Clauses

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), a party may move to dismiss a claim brought in an improper venue.[17] However, as set forth by the Supreme Court of the United States in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 187 L. Ed. 2d 487, 2013 U.S. LEXIS 8875 (U.S. 2013), a forum selection clause does not render an otherwise proper venue improper. The Court in *Atlantic Marine* explained:

> Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper." Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum selection clause.

---

[16]R. Doc. 20-2. Master Service Contract, p. 22 art. 24.05.

[17]"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

...
Whether the parties entered into a contract containing a forum-selection
clause has no bearing on whether a case falls into one of the categories of
cases listed in § 1391(b). As a result, a case filed in a district within § 1391 may
not be dismissed under § 1406(a) or Rule 12(b)(3).

2013 U.S. LEXIS 8775, at *12-13.

The parties do not claim that this Court is an "improper" or "wrong" venue under the
federal venue provisions in 28 U.S.C. § 1391 ("Section 1391"). Indeed, this Court is a proper
venue to hear D&C's cross-claim. Under Section 1391(b)(1) venue is proper in "a judicial
district in which any defendant resides, if all defendants are residents of the State in which
the district is located." 28 U.S.C. § 1391(b)(1).

Defendant D&C resides in the Eastern District of Louisiana.[18] Defendant BPAPC
resides in the Middle District of Louisiana.[19] Thus, because both defendants reside in
Louisiana, venue is proper in the Eastern District of Louisiana because D&C resides here.
Further, the forum selection clause in the parties' MSC does not otherwise render the
Eastern District of Louisiana an improper venue under *Atlantic Marine*. Accordingly, to
the extent BPAPC seeks dismissal of D&C's cross-claim under Rule 12(b)(3), the motion is
**DENIED**.

### iii. Transfer under Section 1404(a)

Although BPAPC requests a dismissal of D&C's cross-claim in its motion, BPAPC

---

[18]Under 28 U.S.C. § 1391(c)(2), D&C as an LLC is an entity with the capacity to sue (whether or not
incorporated), and thus resides in any judicial district in which it is subject to personal jurisdiction. D&C
has an agent for service of process and offices in Larose, Louisiana, which is located in the Eastern District
of Louisiana. Accordingly, D&C resides in the Eastern District of Louisiana.

[19]Under 28 U.S.C. § 1391(c)(2), BPAPC is a corporation with the capacity to sue, and thus resides
in any judicial district in which it is subject to personal jurisdiction. BPAPC has a registered office in Baton
Rouge, Louisiana, which is located in the Middle District of Louisiana. Accordingly, BPAPC resides in the
Middle District of Louisiana.

alternatively argues in its reply memorandum and supplemental memorandum for a transfer of D&C's cross-claim under Section 1404(a).[20] Where, as here, there is a valid and enforceable forum selection clause providing for venue in a different federal district, the proper mechanism for enforcement of that clause is Section 1404(a). *Atlantic Marine*, 2013 U.S. LEXIS 8775 at *19.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Ordinarily, a court weighs various public interest factors and private interest factors in deciding a motion to transfer under Section 1404(a). *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).[21]

The United States Supreme Court in *Atlantic Marine* clarified the proper analysis to evaluate a Section 1404(a) motion when the parties have agreed to a forum selection clause. As the party acting in violation of the forum selection clause by filing its cross-claim in this action, D&C bears the burden of demonstrating a transfer is inappropriate. *Atlantic Marine*, 2013 U.S. LEXIS 8775 at *32. The Court in *Atlantic Marine* explained: "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary

---

[20]R. Doc. 29; R. Doc. 33.

[21]Private interest factors include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241, n. 6. Public interest factors may include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.*

circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at *23-24. Furthermore, in determining the proper forum, a district court should not consider the private interests of the parties: "When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at *25. Courts may nonetheless consider "public interest factors," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a trial that is at home with the law." *Id.* at *25, n. 6. However, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases."*Id.* at *28.

D&C's choice to bring its cross-claim in the Eastern District of Louisiana is afforded no weight in the analysis.  As explained in *Atlantic Marine*, the forum selection clause in the MSC operates as D&C's choice to bring suit in the Southern District of Texas. 2013 U.S. LEXIS 8775 at *26. Thus, only the parties' initial agreement to bring suit in the Southern District of Texas deserves deference, and D&C "bears the burden of showing why the Court should not transfer the case to the forum to which the parties agreed." *Id.* When the parties contractually select a forum, they waive any challenges to the preselected forum as inconvenient because "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *Id.* (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). Thus, any potential inconvenience for D&C or its witnesses caused by litigating in the Southern District of Texas is of no moment. The private interest

factors are deemed "to weigh entirely in favor of the preselected forum." *Id.* Consequently, to prevail D&C had the burden of showing "the public interest factors overwhelmingly disfavor a transfer."*Id.* at 32. D&C has failed to carry this burden.

Although there is normally a public interest in having a case decided by a court that is "at home with the law," that factor can have no influence in this case. Both Crawford's claim and D&C's cross-claim are premised on federal law - the Outer Continental Shelf Lands Act ("OCSLA"). Under OCSLA's choice-of-law provision, the laws of the adjacent state of the Outer Continental Shelf ("OCS") govern claims arising from the OCS. *See* 43 U.S.C. § 1333(a)(2)(A). The law to be applied is determined entirely by the situs of the controversy, and not by the forum. *See, e.g., Grand Isle Shipyard v. Seacor Marine, LLC* 589 F.3d 778, 795-798 (5th Cir. 2009)(finding for purposes of OCSLA, the situs of a contractual indemnity claim is determined by the where the majority of the work under the contract is to be performed). Because the parties disagree about which state is adjacent to the site, no determination has been made of which state's law will apply and the Court does not know which state's judges will be at home with the law. Even if Louisiana law is found to apply, the Texas court's level of familiarity with Louisiana law does not warrant denying BPAPC's request to transfer D&C's cross-claim because "federal judges routinely apply the law of a State other than the State in which they sit." *Atlantic Marine*, 2013 U.S. LEXIS 8775 at *33.

Neither do the other public interest factors "overwhelmingly disfavor a transfer."*Id.* at *32. The Court does not find any administrative difficulties in court congestion or any special localized interests to warrant keeping D&C's cross-claim against BPAPC in Louisiana. Further, the Court does not find any "exceptional" or "unusual" circumstances

which would justify denial of the motion. "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at *31. D&C and BPAPC's freedom to contractually select a venue for their disputes should not be undone merely because the plaintiff Crawford brought suit in this Court. Indeed, the forum-selection clause may "have been a critical factor in [D&C and BPAPC's] agreement to do business together in the first place." *Id.* Requiring D&C's cross-claim to remain in the Eastern District of Louisiana would undermine the parties' freedom and ability to contractually select a venue in advance of litigation.

After considering the principles set forth in *Atlantic Marine*, the Court finds that D&C's cross-claim against BPAPC should be transferred to the Southern District of Texas.

## CONCLUSION

For the above stated reasons, BPAPC's motion is **GRANTED IN PART** and **DENIED IN PART**. To the extent BPAPC seeks to strike D&C's cross-claim for untimeliness and to dismiss D&C's cross-claim under Rule 12(b)(3), BPAPC's motion is **DENIED**. To the extent BPAPC requests a transfer of D&C's cross-claim to the Southern District of Texas, the motion is **GRANTED**.

**New Orleans, Louisiana, this __9th__ day of January, 2014.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**